WILSON v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO.

S. F. No. 2618; July 27, 1901.

65 Pac. 1027.

**Appeal.**—Where an Appeal from a Judgment of the Police court to the superior court had been taken, and papers filed in the superior court many months, the fact that the court decided the appeal without having first made an order submitting it to decision does not render the judgment void.

**Appeal.**—Where the Superior Court Inadvertently Rendered judgment on an appeal from the police court, without first making an order submitting the appeal for decision, the judgment may be set aside on motion, but cannot be treated as void, and a second review and decision of the same question be compelled by mandate.

On petition for rehearing. Denied.

For former opinion, see ante, p. 713, 65 Pac. 575.

GAROUTTE, J.—By reason of the complicated facts disclosed by the record in this proceeding, possibly some erroneous statements have crept into the opinion heretofore rendered; but, as to any of those statements, they do not appear to materially affect the soundness of the conclusion to which the court arrived. In answer to the petition for a rehearing it

may be further suggested that it appears, first, by the affidavit of the judge of the court, in his answer to the petition for the writ, that he decided the appeal from the judgment upon September 7th. It next appears by the entry made in the record at that time that he decided the appeal from the judgment. It next appears by the order made by the court upon December 26th that he decided the appeal from the judgment upon September 7th; for at the hearing upon December 26th the very question at issue was whether or not the order made upon December 21st was within the jurisdiction of the court, and at the hearing upon the 26th it was held that the order of the 21st was void by reason of the fact that the court had theretofore, upon September 7th, decided the question involved in the hearing of December 21st. It may, then, be said that it conclusively appears that the court upon September 7th decided the appeal from the judgment. The remaining question is then presented, Was that decision absolutely void? For, if it was not absolutely void, certainly mandate will not run against the court to compel it to again decide the same question. It is insisted that such judgment was absolutely void, because at the time it was rendered there had been no order made submitting that appeal to the court. It, however, does appear by the record that the appeal from the judgment had been taken many months prior to September 7th, and that the papers on appeal from the judgment had been filed in the superior court months prior to September 7th. Under these circumstances, the mere fact that the court decided the appeal without having first made an order submitting it for decision, we think to no extent renders the judgment void. It may be said that the very fact of the court assuming jurisdiction of the question and deciding it was, in effect, an order of submission. If these be the facts, then probably it may be said that the judgment was inadvertently rendered, but the inadvertent rendition of a judgment does not necessarily render that judgment void. A judgment inadvertently rendered may be set aside upon motion, but we know of no case where it has ever been held that such a judgment may be treated as absolutely void, and mandate run against a court to compel a second review and decision of the same question. For these reasons, I think the petition for rehearing should be denied.